UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-22 DMG (JPRx)** | Date | March 29, 2023 |
|---|---|---|---|
| Title | *Ramon "Mona" Murillo v. Union Supply Group, Inc., et al.* | Page | 1 of 5 |

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS — ORDER RE DEFENDANT UNION SUPPLY GROUP, INC.'S SECOND MOTION TO DISMISS [52]**

### I.   INTRODUCTION

Before the Court is Defendant Union Supply Group, Inc.'s Motion to Dismiss ("MTD") Plaintiff R. Mona Murillo's First Amended Complaint ("FAC"). [Doc. # 52.] The MTD is fully briefed. [Doc. ## 59 ("Opp."), 60 ("Reply").] Having carefully considered the parties' written submissions, the Court **GRANTS** Union Supply's motion to dismiss.

### II.   FACTUAL ALLEGATIONS[1]

In mid-2019, Union Supply advertised a promotional art contest open to inmates who, during a specified period, had a package shipped to them through the Union Supply Direct California Inmate Package Program. FAC ¶ 2 [Doc. # 51]; *see also id*., Ex. 1 ("Contest Rules"). Union Supply offered up to $200 in product certificates to the winners. FAC ¶ 3; Contest Rules.

Union Supply published the Grand Prize entry, a poem entitled "If I Thought This Was The Last Time," and the entrant was awarded the $200 prize. FAC ¶ 5; *see also id*., Ex. 3. Union Supply profited from advertising the poem. *Id*. at ¶ 11. But Murillo alleges she was the actual author of the poem. FAC ¶ 6. She contacted Union Supply, provided "proof of authenticity" that she was the actual author of the poem, and asked Union Supply stop publishing, using, or otherwise profiting from Murillo's poem, but Union Supply refused to take any action. *Id*. at ¶ 7.

In an attempt to compromise, Murillo asked Union Supply in the alternative to award her $400 for her poem and Union Supply's error. FAC ¶ 8. Around July 2020, Union Supply's marketing director, Tom Thomas, contacted Murillo and told her that she "had to follow the same entry rules and purchase something from" the catalog "before they could award [her]

---

[1] The Court assumes the truth of the factual allegations in the FAC solely for the purpose of deciding the motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-22 DMG (JPRx)** | Date | March 29, 2023 |
|---|---|---|---|
| Title | ***Ramon "Mona" Murillo v. Union Supply Group, Inc., et al.*** | Page | 2 of 5 |

compensation." *Id*. at ¶ 9.  She placed a $185 order as a submission fee.  *Id*.  Around September 2020, Murillo contacted another Union Supply employee, Adalen Guardado.  *Id*. at ¶ 12.  She was offered a refund of her $185 "entry fee" and a $200 award for the poem, but Union Supply never issued the payment.  *Id*.  Murillo alleges Union Supply is indebted to her for (a) the $185 entry fee, (b) $400 in prize money, (c) $20,000 in goods sold by advertising the poem, and (d) $22,000 in punitive damages, since she can no longer sell the poem as original.  *Id*. at ¶ 15.

Murillo also alleges that a contract exists between the California Department of Corrections and Rehabilitation ("CDCR") and Union Supply, which Union Supply breached when it ran a contest for which a fee was required to enter.  FAC ¶ 10.

### III.    LEGAL STANDARD

The Court set forth the applicable Rule 12(b)(6) standard for dismissal of a complaint in its Order on Union Supply's first Motion to Dismiss, and need not repeat it here.  [Doc. # 37 at 2-3.]

### IV.    DISCUSSION

The Court previously dismissed, with leave to amend, Murillo's claims for breach of contract, fraud, common count, copyright infringement, and trademark infringement.  In her FAC, Murillo does not attempt to replead her claims for copyright infringement, trademark infringement, and fraud.  Those claims are therefore **DISMISSED with prejudice**.  The Court addresses Murillo's remaining claims for breach of contract and common count.

**1.    Breach of Contract Claim**

To state a claim for breach of contract, Murillo must plead:  (1) the existence of the contract, (2) Murillo's performance or excuse for non-performance, (3) Union Supply's breach of the contract, and (4) the resulting damages to Murillo.  *See Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243 (2002).

Murillo presents two theories of her breach of contract claim.  First, she contends that Union Supply breached agreements she made with Thomas and Guardado to settle her claims.  *See* Opp. at 2-3.  Second, she argues that Union Supply breached an agreement it made with the State of California not to run contests that require a fee to enter.  *See id*. at 1-2.

**a.    Settlement Theory**

Murillo's first argument does not succeed, because she concedes that she was not, in fact, the author of "If I Thought This Was The Last Time."  In its MTD, Union Supply argues that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-22 DMG (JPRx)** | Date | March 29, 2023 |
|---|---|---|---|
| Title | ***Ramon "Mona" Murillo v. Union Supply Group, Inc., et al.*** | Page | 3 of 5 |

poem was in fact written decades earlier by another individual. *See* MTD at 11 n.2. Murillo does not respond to this argument, except to argue that "the issue of if Plaintiff was the original creator or if copyrights existed was not a factor in the creations [sic]" of the common count claim, and that after she submitted the entry fee, Union Supply "became obligated . . . to stop utilizing the poem, regardless of ownership, authorship." Opp. at 6, 7. Murillo's failure to respond constitutes a concession of this issue. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue").

The Copyright Act only protects "original works of authorship." *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) (citing 17 U.S.C. § 102(a)). Because Murillo concedes that she was not the author of the poem, her copyright infringement claim was wholly invalid from the outset. For this reason, her "settlement" of that claim was not valid consideration for any promise from Thomas or Guardado. *See, e.g.*, *Orange Cnty. Found. v. Irvine Co.*, 139 Cal. App. 3d 195, 201 (1983) ("Compromise of a wholly invalid claim is inadequate consideration to support a contract."). Any agreement she made with Thomas or Guardado is therefore unenforceable.

Murillo also alleges she paid $185 to Union Supply as an entry fee, which could be an additional form of consideration. The exhibits attached to her FAC indicate that she paid $185 for a "Quarterly Package," i.e., to order supplies from Union Supply. *See* FAC, Ex. 7. She argues in her Opposition that this exhibit shows that she ordered only $39.30 worth of goods. But Union Supply attaches additional exhibits to its Reply that show that Murillo actually ordered $147.36 worth of goods, and Exhibit 7 to Murillo's FAC shows she received a refund from Union Supply for the overpayment of $38.10. *See* Gabriel Decl., Ex. 1 [Doc. # 60-1].[2] It appears, therefore, that Murillo's payment to Union Supply was in exchange for goods. Although it is possible that she would not have bought these goods if Thomas had not told her she needed to purchase something to be eligible for the prize, Murillo does not allege that.

---

[2] Although these documents are not attached to Murillo's FAC, they are a proper subject of consideration on a motion to dismiss because the FAC "necessarily relies" on them. The FAC refers to Murillo's Union Supply order, her Opposition relies heavily on it as central to her claim, and no party questions its authenticity. *Accord Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-22 DMG (JPRx)** | Date | March 29, 2023 |
|---|---|---|---|
| Title | ***Ramon "Mona" Murillo v. Union Supply Group, Inc., et al.*** | Page | 4 of 5 |

### b.   Third Party Beneficiary Theory

Murillo's allegation that Union Supply and CDCR entered into a contract is conclusory, but she alleges that the contract requires Union Supply to comply with CDCR policies, and points to a regulation providing that:

> Inmates shall not participate in any contest when a financial obligation is involved or when such participation shall result in expense to the facility beyond the cost of processing mail. If lottery tickets, lottery scratchers, or other contest materials, are discovered in incoming mail, the entire envelope and its contents shall be returned to sender with a pre-printed notice to the sender which states: "Unauthorized item".

Cal. Code Regs., tit. 15, § 3134(d). Murillo contends that she is a third-party beneficiary of this contract, and that Union Supply breached it by running the contest at issue here. *See* Opp. at 1-3.

Under California law, a contract "made expressly for the benefit of a third person" may be enforced by that person. Cal. Civ. Code § 1559. To determine whether a third party may properly enforce a contract, courts consider whether (1) the third party would actually benefit from the contract, (2) a "motivating purpose" of the parties to the contract was "to provide a benefit to the third party," and (3) "whether permitting a third party to bring its own breach of contract action against a contracting party is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830 (2019). All three elements are necessary. *Id.*

It is plausible that, if CDCR and Union Supply formed a contract, a motivating purpose of that agreement was to provide a benefit to inmates such as Murillo, and that Murillo would in fact benefit from certain provisions. It is also plausible that CDCR and Union Supply formed a contract that required Union Supply to comply with CDCR regulations, including to sell only "items or service[s . . .] approved by CDCR property matrix or policy." *See* Opp. at 2. But there is no indication that the agreement between CDCR and Union Supply would make Murillo, or other inmates, an intended third-party beneficiary as to *this provision* of the CDCR regulations. This provision is unrelated to the goods Union Supply, a vendor of goods, might be authorized to sell under CDCR regulations. Murillo has therefore not sufficiently alleged that she is an intended third-party beneficiary of this provision.

*   *   *   *   *

Murillo's breach of contract claim is therefore **DISMISSED**. Because Murillo cannot amend to allege that she had a valid copyright claim to settle, amendment would be futile. Dismissal is therefore **without leave to amend**.

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 21-22 DMG (JPRx)** | Date | March 29, 2023 |
|---|---|---|---|
| Title | ***Ramon "Mona" Murillo v. Union Supply Group, Inc., et al.*** | Page | 5 of 5 |

### 2. Common Counts

"Under California law, 'common counts' are general pleadings that seek to recover money owed without necessarily specifying the nature of the claim." *Martini E Ricci Iamino S.P.A.-- Consortile Societa Agricola v. Trinity Fruit Sales Co., Inc.*, 30 F. Supp. 3d 954, 975 (E.D. Cal. 2014). "A common count is proper whenever the plaintiff claims a sum of money due, either as an indebtedness in a sum certain, or for the reasonable value of services, goods, etc., furnished." *Kawasho Int'l, U.S.A. v. Lakewood Pipe Serv.*, 152 Cal. App. 3d 785, 793, (1983). "The only essential allegations of a common count are "(1) the statement of indebtedness in a certain sum, (2) the consideration, i.e., goods sold, work done, etc., and (3) nonpayment." *Farmers Ins. Exch. v. Zerin*, 53 Cal. App. 4th 445, 460 (1997).

The Court previously dismissed Murillo's common count claim for failure to identify a sum certain of Union Supply's indebtedness. Murillo has now done so, but she still has not identified the consideration that is the basis for her common count claim. For the reasons stated above, it is clear she cannot. Accordingly, Murillo's common count claim is **DISMISSED without leave to amend**.

### V. CONCLUSION

For the reasons set forth above, Defendant Union Supply's motion to dismiss is **GRANTED.** Murillo's FAC is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**